UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**

DENISE CARLON, ESQUIRE
KML LAW GROUP, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
215-627-1322
dcarlon@kmllawgroup.com
Attorneys for Secured Creditor: Deutsche Bank
National Trust Company, as Trustee, on behalf of the
holders of the J.P. Morgan Mortgage Acquisition
Trust 2007-CH3 Asset Backed Pass- Through
Certificates, Series 2007-CH3

In Re:
Jonothan Foreman aka Jonothan David Foreman
Debtor

**Order Filed on February 26, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No.:  25-21342 VFP

Hearing Date: 3/19/2026 @ 10:00 a.m.

Judge:  Vincent F. Papalia

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby
**ORDERED**

**DATED: February 26, 2026**

_____

**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Page 2
Debtor:          Jonothan Foreman aka Jonothan David Foreman
Case No.:        25-21342 VFP
Caption:         **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO
                 DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH3 Asset Backed Pass- Through Certificates, Series 2007-CH3, holder of a mortgage on real property located at 24 Mountain Avenue, West Orange, New Jersey 07052, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Robert C. Nisenson, Esquire, attorney for Debtor, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by 3/31/2026, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make post-petition payments in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee is pay the arrears per the plan while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event loss mitigation is unsuccessful, Debtor is responsible for the difference between the loss mitigation payment and the regular payment for the months this loan was in the loss mitigation program; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.